# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3763942

Book Page CIVIL

Return To:
JON ETHAN BONAVILLA
100 Meridian Centre Boulevard
Suite 330
Rochester, NY 14618

No. Pages: 3

Instrument: EFILING INDEX NUMBER

Control #: 202402291823
Index #: E2024003893

Date: 02/29/2024

DUFFY, SAYRA

Time: 4:47:13 PM

WM RESOURCES, INC.
WASTE MANAGEMENT OF NEW YORK, L.L.C
WASTE MANAGEMENT OF NEW YORK, INC.
WASTE MANAGEMENT OF NY INC.

| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75 |
| Total Fees Paid: | $210.00 |

Employee: CW

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS ENDORSEMENT, REQUIRED BY SECTION 317-a(5) & SECTION 319 OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

STATE OF NEW YORK
SUPREME COURT COUNTY OF MONROE

---

SAYRA DUFFY,
332 Birdsall Parkway
Palmyra, New York 14522

Plaintiff

-vs-

WM RESOURCES, INC.;
WASTE MANAGEMENT OF NEW YORK, L.L.C;
WASTE MANAGEMENT OF NEW YORK, INC.;
WASTE MANAGEMENT OF NY INC.;
800 Capital Street
Suite 3000
Houston, TX 77002

Defendants.

Index No:

Plaintiff designates Monroe County as the place of trial.

**SUMMONS WITH NOTICE**

---

To the above-named Defendant(s):

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney, at the address stated below, a notice of appearance within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.

Take notice that the nature of this action is for wrongful termination, intentional infliction of emotional distress, negligent infliction of emotional distress, prima facie tort, and for discrimination against and/or acquiescing to the discrimination of the Plaintiff in violation of the New York State Human Rights Law, the Paid Family Leave Act, and the Family and Medical Leave Act, for the events that occurred with respect to Plaintiff's employment with the Defendant on or about March 10, 2023 and continuous prior and subsequent events. As a result, the Plaintiff suffered damages and is entitled to an award against the Defendant in an amount to be determined

to compensate the Plaintiff for all monetary and/or economic damages, all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's emotional distress and mental anguish, as well as punitive damages, and attorney fees.

If you do not serve a notice of appearance or demand for a complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, in an amount to be determined but which exceeds the jurisdictional level of all lower courts, plus the costs and disbursements of this action.

This action will be heard in the Supreme Court of the State of New York, in and for the County of Monroe. This action is brought in the County of Monroe because it is the Defendant's principal place of business (425 Perinton Parkway, Fairport, New York 14450) and where the claims accrued.

Plaintiff designates Monroe County as the place of trial.

Dated: February 29, 2024
Rochester, New York

**EVANS FOX LLP**

By: ______________________________
Jon E. Bonavilla, Esq.
*Attorneys for Plaintiff*
100 Meridian Centre Boulevard, Suite 300
Rochester, New York 14618
(585) 787-7000

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3938238

Book Page CIVIL

Return To:
JON ETHAN BONAVILLA

No. Pages: 12

Instrument: COMPLAINT

Control #: 202407121253
Index #: E2024003893

Date: 07/12/2024

DUFFY, SAYRA

Time: 1:53:19 PM

WM RESOURCES, INC.
WASTE MANAGEMENT OF NEW YORK, L.L.C
WASTE MANAGEMENT OF NEW YORK, INC.
WASTE MANAGEMENT OF NY INC.

Total Fees Paid: $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS ENDORSEMENT, REQUIRED BY SECTION 317-a(5) & SECTION 319 OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

STATE OF NEW YORK
SUPREME COURT COUNTY OF MONROE

SAYRA DUFFY,

Plaintiff,

**COMPLAINT**

-vs-

**Index No: E2024003893**

WM RESOURCES, INC;
WASTE MANAGEMENT OF NEW YORK, L.L.C.;
WASTE MANAGEMENT OF NEW YORK, INC.;
WASTE MANAGEMENT OF NY INC.,

Defendant.

The Plaintiff, Sayra Duffy, by her attorneys, Evans Fox LLP, as and for her Complaint in the above-captioned matter, alleges as follows:

1. At all times hereinafter mentioned, Plaintiff Sayra Duffy (hereinafter "Plaintiff") is an individual who resides at 332 Birdsall Parkway, Palmyra, New York

2. Upon information and belief, and at all times hereinafter mentioned, Defendant WM Resources, Inc., (hereinafter "Defendant") is a corporation formed and organized under the laws of the State of New York, with a service address of 800 Capitol Street, Suite 3000, Houston, Texas.

3. Upon information and belief, and at all times hereinafter mentioned, Defendant Waste Management Of New York, L.L.C.; (hereinafter "Defendant") is a foreign limited liability company formed and organized under the laws of the State of Delaware, with a service address of 800 Capitol Street, Suite 3000, Houston, Texas.

4. Upon information and belief, and at all times hereinafter mentioned, Defendant Waste Management Of New York, Inc.; (hereinafter "Defendant") is a domestic corporation

formed and organized under the laws of the State of New York, with an office for business in the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, Defendant Waste Management of NY, Inc., (hereinafter "Defendant") is a corporation formed and organized under the laws of the State of New York, with a service address of 800 Capitol Street, Suite 3000, Houston, Texas.

6. Upon information and belief, and at all times hereinafter mentioned, the Defendants owned, controlled and/or possessed the real property located at 425 Perinton Pkwy, Fairport New York, (hereinafter the "premises").

**FACTS**

7. The Plaintiff commenced her employment with the Defendants on or about 2018.

8. On or about April 28, 2022, Plaintiff went out on maternity leave and submitted Paid Family Leave Law (hereinafter "PFL") paperwork to the Defendants.

9. As of June 1, 2022, the PFL paperwork had not been processed by the Defendants. The paperwork was resent on or about July 5, 2022.

10. The Plaintiff did not receive any payments from PFL between June 10, 2022 through August 5, 2022.

11. While Plaintiff was out on maternity leave, the Defendants cancelled her medical insurance on or about June 30, 2022. It was subsequently reinstated on or about September 7, 2022, when Plaintiff returned to work.

12. On or about October 20, 2022, Plaintiff's work hours were reduced to five (5) hour workdays, twenty-five (25) hours a week at the instructions and recommendations of her doctor due to heath issues involving her infant child. Plaintiff's doctor completed Family Medical Leave

Act (hereinafter "FMLA") paperwork and emailed it to the Defendants.

13. On or about October 26, 2022, the Defendants again cancelled the Plaintiff's health insurance.

14. During this time after Plaintiff returned to work, despite the Plaintiff's request. The Defendants failed to provide a safe, adequate and proper area for her to pump breast milk for her infant child when at work.

15. Plaintiff maintained her twenty-five (25) hours a week work schedule until March 2023 when Plaintiff notified Defendants of the hospitalization of her infant child.

16. On or about March 7, 2023, the Defendants sent Plaintiff a letter terminating her employment beginning on March 10, 2023.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION**

17. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-16 above as if each and every allegation set forth therein is more fully set forth herein.

18. Based on the above, the Plaintiff was wrongfully terminated by the Defendants on or about out March 10, 2023.

19. As a result, the Plaintiff suffered injuries and damages, including but not limited to, emotional pain, injuries and suffering.

20. By reason of the above, the Plaintiff is entitled to recover from the Defendants the damages sustained by the Plaintiff as a result of the Defendants' conduct. These damages include diminished earnings capacity, lost income, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, litigation expenses including attorney fees, extreme mental and emotional anguish and distress and other compensatory damages, in an

amount to be determined, and which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

21. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-20 above as if each and every allegation set forth therein is more fully set forth herein.

22. That the behavior of the Defendants as described above was extreme and/or outrageous and that such behavior intentionally or recklessly caused severe emotional distress, mental trauma and/or bodily harm to the Plaintiff.

23. As a result, the Plaintiff suffered injuries and damages, including but not limited to, emotional pain, injuries and suffering.

24. By reason of the above, the Plaintiff is entitled to recover from the Defendants the damages sustained by the Plaintiff as a result of the Defendants' conduct. These damages include diminished earnings capacity, lost income, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, litigation expenses including attorney fees, extreme mental and emotional anguish and distress and other compensatory damages, in an amount to be determined, and which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR THE THIRD CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

25. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-24 above as if each and every allegation set forth therein is more fully set forth herein.

26. The Defendants breached a duty to the Plaintiff that unreasonably endangered the Plaintiff's physical and emotional safety or caused her to fear for her physical and emotional safety.

27. The Defendants exhibited extreme and outrageous conduct.

28. The Defendants' conduct caused the Plaintiff severe emotional distress and suffering.

29. By reason of the above, the Plaintiff is entitled to recover from the Defendants the damages sustained by the Plaintiff as a result of the Defendants' conduct. These damages include diminished earnings capacity, lost income, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, litigation expenses including attorney fees, extreme mental and emotional anguish and distress and other compensatory damages, in an amount to be determined, and which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
**FOR PRIMA FACIE TORT**

30. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-29 above as if each and every allegation set forth therein is more fully set forth herein.

31. That the Defendants intentionally inflicted the harm to the Plaintiff as described above and did so with disinterested malevolence, and without any excuse or justification.

32. That the sole motivation for the actions of the Defendants were disinterested malevolence.

33. As a result, the Plaintiff suffered injuries and damages, including but not limited

to, emotional pain, injuries and suffering.

34. By reason of the above, the Plaintiff is entitled to recover from the Defendants the damages sustained by the Plaintiff as a result of the Defendants' conduct. These damages include diminished earnings capacity, lost income, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, litigation expenses including attorney fees, extreme mental and emotional anguish and distress and other compensatory damages, in an amount to be determined, and which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR THE FIFTH CAUSE OF ACTION**

**(New York State Human Rights Law - Discrimination based on Familial Status)**

35. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-34 above as if each and every allegation set forth therein is more fully set forth herein.

36. Section 296.1(a) of the New York State Human Rights Law, and N.Y. Exec. Law sec. 290 *et seq.*, prohibit familial status discrimination in employment.

37. By the acts and practices described above, including but not limited to creating a hostile work environment, and actually and constructively discharging the Plaintiff, Defendants discriminated against the Plaintiff in the terms and conditions of her employment on the basis of her familial status in violation of the State Law.

38. Defendants are liable under the State Law as Plaintiff's "employer".

39. Defendants have allowed a hostile, intolerable workplace based on discrimination that was imposed on the Plaintiff by the conduct of Defendants' agents and/or employees which Defendants were aware.

40. The Defendants, their agents and/or employees were aware of the discriminatory conduct but did nothing to stop or properly address it.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered adverse employment consequences and was actually and constructively discharged. Plaintiff is now suffering and will continue to suffer monetary damages and damages for severe mental and emotional pain, anguish and humiliation, all to her detriment.

**AS AND FOR THE SIXTH CAUSE OF ACTION**

**(New York State Human Rights Law – Retaliation)**

42. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-41 above as if each and every allegation set forth therein is more fully set forth herein.

43. Section 296.1(a) of the New York State Human Rights Law, and N.Y. Exec. Law sec. 290 *et seq.*, prohibit retaliation against an employee who seeks to assert rights under the Human Rights Law.

44. By the acts and practices described above, Defendants retaliated against the Plaintiff in the terms and conditions of her employment for opposing unlawful employment practices, in violation of the State Law.

45. Defendants are liable under the State Law as Plaintiffs' "employer".

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered adverse employment consequences and was constructively discharged. Plaintiff is now suffering and will continue to suffer monetary damages and damages for severe mental and emotional pain, anguish and humiliation, all to her detriment.

**AS AND FOR THE SEVENTH CAUSE OF ACTION**

**(New York State Human Rights Law – Aiding and Abetting)**

47. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-46 above as if each and every allegation set forth therein is more fully set forth herein.

48. Section 296, subd. 6 of the New York State Human Rights Law states, "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

49. The Defendants, their employees and/or agents engaged in an unlawful discriminatory practice in violation of the Human Rights Law by aiding, abetting, inciting, compelling and coercing the above unlawful conduct.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered adverse employment consequences and was discharged. Plaintiff is now suffering and will continue to suffer monetary damages and damages for severe mental and emotional pain, anguish and humiliation, all to her detriment.

**AS AND FOR THE EIGHTH CAUSE OF ACTION**

**(Paid Family Leave Law)**

51. The Plaintiff repeats and reiterates each and every allegation heretofore previously plead in Paragraphs 1-50 above as if each and every allegation set forth therein is more fully set forth herein.

52. By the acts and practices described above, the Defendants, their employees and/or agents have engaged in numerous violations of the Paid Family Leave Law (PFL) including but not limited to failing to notify the Plaintiff correctly of her rights, and in hindering and impeding the Plaintiff's PFL application.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages, adverse employment consequences, and was discharged. Plaintiff is now suffering and will continue to suffer monetary damages and damages for severe mental and emotional pain, anguish and humiliation, all to her detriment.

**AS AND FOR THE NINTH CAUSE OF ACTION**

**(Family Medical Leave Act)**

54. The Plaintiff repeats and reiterates each allegation heretofore previously plead in Paragraphs 1-53 above as if each and every allegation set forth therein is more fully set forth herein.

55. The Plaintiff is an eligible employee under the FMLA and, prior to requesting medical leave, she was employed by the Defendants for over 12 months and had worked at least 1,250 hours in the 12 months prior to requesting leave.

56. The Plaintiff gave notice of her intention to take leave and was denied benefits to which she was entitled to under FMLA.

57. The Plaintiff exercised rights protected by the FMLA and she was qualified for her position.

58. The Plaintiff suffered an adverse employment action (termination) which occurred under circumstances giving rise to an inference of retaliatory intent.

59. By the acts and practices described above, the Defendants, their employees and/or agents have engaged in numerous violations of the Family Medical Leave Act, including but not limited to failing to notify the Plaintiff correctly of her rights, and in hindering and impeding the Plaintiff's FMLA application, and actually and constructively discharging the Plaintiff.

60. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

suffered damages, adverse employment consequences, and was discharged. Plaintiff is now suffering and will continue to suffer monetary damages and damages for severe mental and emotional pain, anguish and humiliation, all to her detriment.

## JURY DEMAND

61. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, the Plaintiff, Sayra Duffy, demands judgment awarding to her the following relief:

(a) As and for the First Cause of Action for Wrongful Termination, a Money Judgment against Defendants, in an amount to be determined at the time of trial, with interest thereon, together with the Plaintiff's attorney's fees, costs and expenses associated with this matter;

(b) As and for the Second Cause of Action for Intentional Infliction of Emotion Distress, a Money Judgment against Defendants, in an amount to be determined at the time of trial, with interest thereon, together with the Plaintiff's attorney's fees, costs and expenses associated with this matter;

(c) As and for the Third Cause of Action for Negligent Infliction of Emotion Distress, a Money Judgment against Defendants, in an amount to be determined at the time of trial, with interest thereon, together with the Plaintiff's attorney's fees, costs and expenses associated with this matter;

(d) As and for the Fourth Cause of Action for Prima Facie Tort, a Money Judgment against Defendants, in an amount to be determined at the time of trial, with interest thereon, together with the Plaintiff's attorney's fees, costs and expenses associated with this matter;

(e) As and for the Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action:

a. declaring the acts and practices of the Defendants complained of herein are in violation of the New York State Human Rights Law, the Family Medical Leave Act, and the Paid Family Leave Act;

b. directing Defendants to make Plaintiff whole for all earnings she would have received but for Defendant' unlawful, discriminatory and retaliatory treatment, including, but not limited to, wages, bonuses, pensions and other lost benefits;

c. directing Defendants to pay Plaintiff compensatory damages, including damages for emotional distress, humiliation, and pain and suffering;

d. directing Defendants to pay Plaintiff additional amounts as punitive damages;

e. awarding Plaintiff such interest as is allowed by law, and damages for any adverse tax consequences stemming from an award;

f. awarding Plaintiff her reasonable attorneys' fees and costs; and

(f) For such other and further relief that this Court deems to be just and proper.

Dated: July 11, 2024
Rochester, New York

**EVANS FOX LLP**

By: ______________________
Jon E. Bonavita, Esq.
*Attorneys for Plaintiff*
100 Meridian Centre Boulevard, Suite 300
Rochester, New York 14618
Telephone: (585) 787-7000