UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAYRA DUFFY,

                                                  Plaintiff,           Case # 24-CV-6486-FPG

v.                                                                          DECISION & ORDER

WM RESOURCES, INC., et al.,

                                                 Defendants.
_____

## INTRODUCTION

Plaintiff Sayra Duffy brings this employment discrimination action against WM Resources, Inc.; Waste Management of New York, L.L.C.; Waste Management of New York, Inc.; and Waste Management of NY Inc. ("Defendants").[1] ECF No. 1-1. Currently before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] ECF No. 6. Plaintiff opposes the motion, ECF No. 9, and Defendants have filed their reply, ECF No. 10. For the reasons that follow, the motion to dismiss is GRANTED.

## LEGAL STANDARD

In addressing a Rule 12(b)(6) motion to dismiss, the Court "assum[es] all well-pleaded, nonconclusory factual allegations in the complaint to be true[,]" *Harrington v. Cnty. of Suffolk*,

---

[1] Defendants claim that Waste Management of New York, L.L.C. is the "sole applicable defendant" in this action, it being the only entity that employed Plaintiff. ECF No. 6-1 at 1 n.1. Purportedly, WM Resources, Inc. is "incorrectly named as a defendant," whereas Waste Management of New York, Inc., and Waste Management of NY Inc., "do not exist." *Id*. Plaintiff apparently concurs, expressing her willingness "to stipulate to remove the other named defendant entities in the instant action . . . given that the Defendant verified that Waste Management of New York, L.L.C. is the actual employer of the Plaintiff and the correct defendant entity regarding the claims." ECF No. 9-1 ¶ 8. Because the parties have not yet stipulated to that effect, the Court continues to refer to all named Defendants. However, any amended complaint should reflect the correct defendant(s) and, upon receipt of said amended complaint, the Court will instruct the Clerk of Court to update the docket.

[2] Defendants also moved to consolidate this case with a related action. *See* ECF No. 6-1 at 4-5. The Court has since dismissed the related action for lack of personal jurisdiction. *See Duffy v. Waste Management Inc.*, 24-CV-6167, ECF No. 11. Accordingly, Plaintiff's motion to consolidate is DENIED AS MOOT.

1

607 F.3d 31, 33 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), but it is "not required to credit conclusory allegations or legal conclusions couched as factual allegations," *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 91 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." (internal quotation marks omitted).  A claim will be considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A court reviewing a 12(b)(6) motion "must take the allegations as true, no matter how skeptical the court may be," the exception being "allegations that are sufficiently fantastic to defy reality as we know it." *Iqbal*, 556 U.S. at 696.

## BACKGROUND

The following facts are from the complaint.  *See* ECF No. 1-1.  Defendants employed Plaintiff beginning in 2018.  *See id.* ¶ 7.  Defendants canceled Plaintiff's medical insurance in June 2022. *Id.* ¶ 11.  Plaintiff remained on maternity leave until September 2022.  *Id.*  On October 20, 2022, Plaintiff's work hours were reduced to 25 hours per week at Plaintiff's request, due to health issues involving her newborn.  *Id.* ¶ 12.  Plaintiff's doctor completed Family Medical Leave Act ("FMLA") paperwork and emailed it to Defendants.  *Id.*  On October 26, 2022, Defendants again canceled Plaintiff's medical insurance.  *Id.* ¶ 13.

During the period in which Plaintiff worked reduced hours, Defendants "failed to provide her a safe, adequate and proper area for her to pump milk for her infant child when at work." *Id*. ¶ 14. Plaintiff continued to work reduced hours until March 2023, when Plaintiff "notified Defendants of the hospitalization of her infant child." *Id*. ¶ 15. On March 7, 2023, Defendants sent a letter to Plaintiff terminating her employment. *Id*. ¶ 16.

In February 2024, Plaintiff brought this action in Monroe County Supreme Court, claiming (1) intentional and negligent infliction of emotional distress; (2) prima facie tort; (3) discrimination based on familial status under the New York Human Rights Law ("NYHRL"), namely, that her termination had a discriminatory basis and Defendants created a hostile work environment; (4) retaliation under the NYHRL; and (5) interference and retaliation under the FMLA.[3] *See* ECF No. 1-1. Defendants removed the action to this Court in August 2024 on the basis of federal question and diversity jurisdiction.[4] *See* ECF No. 1.

In August 2024, Defendants filed the instant motion to dismiss, arguing that Plaintiff failed to state any plausible claims for relief.[5] *See* ECF No. 6. Plaintiff responded that the complaint

---

[3] Plaintiff also asserted claims of wrongful termination; aiding and abetting; and the NYPLL. *See* ECF No. 1-1 ¶¶ 17-20, 47-53. Although Plaintiff claims that the "complaint adequate and properly pleads the necessary elements for the causes of action asserted," she failed to substantively respond to Defendants' motion to dismiss these three claims. ECF No. 9 at 7. Typically, a plaintiff's failure to respond to a motion to dismiss constitutes a waiver of any argument the plaintiff might have raised. *See United States v. Weathers*, No. 22-CV-243S, 2024 WL 3431054, at *11 (W.D.N.Y. July 16, 2024) (holding that where a party fails to address arguments in opposition, it "concedes those arguments"); *cf. Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived."). Although Plaintiff may have intended to defend the above claims with her blanket statement, she does so in overly vague and nonspecific terms. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *Spectrum Northeast, LLC v. City of Rochester*, No. 21-CV-6453, 2022 WL 787964, at *4 (W.D.N.Y. Mar. 15, 2022) (holding that litigants have "an obligation to spell out [their] arguments squarely and distinctly" and should not rely on courts to make their assertions concrete (internal quotation marks omitted)). Accordingly, the Court deems these three claims to be abandoned.

[4] Plaintiff is a citizen of New York, whereas Waste Management of New York, L.L.C.'s sole member is incorporated in Delaware and has its principal place of business in Texas. The parties do not dispute the appropriateness of diversity jurisdiction.

[5] Defendants also made several competing factual allegations in their response which, according to Defendants, contradict those presented by Plaintiff. *See* ECF No. 6-1 at 8-10. In the context of a Rule 12(b)(6) motion to dismiss,

adequately stated her claims, and alternatively requested leave to amend. ECF No. 9. Defendants replied, reiterating their grounds for dismissal and arguing that amendment would be futile. *See* ECF No. 10.

## DISCUSSION

Defendants argue that the claims should be dismissed. The Court addresses Defendants' dispositive arguments below.

**1. Intentional and Negligent Infliction of Emotional Distress**

"To establish a prima facie case of intentional infliction of emotional distress under New York Law, a plaintiff must prove the following elements: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing severe emotional distress; (3) causal connection between the conduct and injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993)). "For both negligent and intentional infliction of emotional distress, a plaintiff must show 'that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Ivery v. Baldauf*, 284 F. Supp. 2d 426, 441 (W.D.N.Y. 2018) (quoting *Berrios v. Our Lady of Mercy Med. Ctr.*, 20 A.D.3d 361, 362 (1st Dep't 2005)). "Whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999).

---

however, the Court is obliged to treat Plaintiff's allegations as true. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) (holding that courts weighing a motion to dismiss must rely on the facts presented by the plaintiff, "notwithstanding any controverting presentation" by defendants); *see also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) ("The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." (internal quotation marks omitted)). Accordingly, the Court relies only upon Plaintiff's allegations in assessing the sufficiency of her complaint.

4

"In New York, claims for intentional infliction of emotional distress are extremely disfavored, and [o]nly the most egregious conduct has been found sufficiently extreme and outrageous to establish such a claim." *Pennington v. City of Rochester*, No. 13-CV-6304, 2018 WL 3023383, at *2 (W.D.N.Y. June 18, 2018) (internal quotation marks omitted); *see also Sesto v. Slaine*, 171 F. Supp. 3d 194, 202 (S.D.N.Y. 2016) (noting that intentional infliction of emotional distress claims are "routinely dismissed on pre-answer motion" (internal quotation marks omitted)); *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 586 (E.D.N.Y 2011) ("[T]his highly disfavored cause of action is almost never successful."). Specifically, "[t]he New York Court of Appeals has rarely allowed a plaintiff to sustain a claim for intentional infliction of emotional distress in an employment discrimination case." *D'Lima v. Cuba Mem'l Hosp., Inc.*, 833 F. Supp. 2d 383, 392 (W.D.N.Y. 2011).

Defendants argue that Plaintiff fails to adequately allege a claim for intentional infliction of emotional distress. The Court agrees. Plaintiff's complaint contains only sparse allegations, but she specifies that the instances which allegedly caused her emotional distress were (1) Defendants twice canceling her medical insurance; and (2) her termination. *See* ECF No. 9 at 4-5. Even if the Court assumed that these actions had a discriminatory motive, they would not rise to the level of heinousness required to plead intentional infliction of emotional distress. *See Barber v. Von Roll U.S.A., Inc.*, No. 14-CV-907, 2015 WL 5023624, at *12 (N.D.N.Y. Aug. 25, 2015) ("[T]he New York Court of Appeals has rejected the availability of an intentional infliction of emotional distress claim as a means of challenging an abusive or wrongful termination." (citing *Murphy v. Am. Home Prods. Corp.,* 58 N.Y.2d 293, 303 (1983)); *see also Branch v. Sony Music Ent., Inc.*, No. 97-CV-9238, 1999 WL 20866, at *4 (S.D.N.Y. Jan. 19, 1999) (holding that denying a pregnant employee time off and then terminating her employment on allegedly discriminatory

grounds did not meet the standards for intentional infliction of emotional distress); *Lawford v. New York Life Ins. Co.*, 739 F. Supp. 906, 919 (S.D.N.Y. 1990) (dismissing intentional infliction of emotional distress claim where plaintiff's employment was terminated without pension benefits). In short, Plaintiff fails to allege behavior that is "atrocious" or "utterly intolerable in a civilized society," as required for a claim of intentional infliction of emotional distress. *Ivery*, 284 F. Supp. 2d at 441. In light of this, the Court GRANTS the motion to dismiss as to this claim.

As to negligent infliction of emotional distress, Defendants argue, and the Court agrees, that the exclusive remedy provision of the New York Workers' Compensation Law bars this claim. According to this statute, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ." N.Y. Workers' Comp. Law § 29(6). Courts in this Circuit "'routinely dismiss workplace negligence claims, including claims based on . . . infliction of emotional distress, in light of the exclusive remedy provision of the Workers' Compensation statute.'" *Jean–Louis v. Am. Airlines,* No. 08–CV–3898, 2010 WL 3023943, at *2-3 (E.D.N.Y. July 30, 2010); *Gabel v. Richard Spears Kibbe & Orbe, LLP,* 615 F.Supp.2d 241, 243 (S.D.N.Y.2009) ("Plaintiff's claim for negligent infliction of emotional distress . . . must be dismissed because it is preempted by New York's Worker's Compensation Law."). "To avoid preemption, [the p]laintiff would need to establish that [defendant] does not have a worker's compensation insurance policy." *Lowe v. Hous. Works, Inc.*, No. 11-CV-9233, 2013 WL 2248757, at *12 (S.D.N.Y. May 15, 2013); *see also Gabel,* 615 F.Supp.2d at 245 ("[I]t is the plaintiff's burden to prove that her employer did not maintain such insurance—not the defendant's burden to prove otherwise"). Here, Plaintiff does not allege in her complaint or response that Defendants

6

did not maintain a worker's compensation policy. Accordingly, her negligent infliction of emotional distress claim is preempted and the Court GRANTS dismissal to that claim as well.

### 2. Prima Facie Tort

"The four elements for a prima facie tort in New York State are: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017) (italicizations omitted). "The touchstone is 'disinterested malevolence', meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm," and therefore "motives other than disinterested malevolence, such as profit, self-interest, or business advantage will defeat a prima facie tort claim." *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990) (internal quotation marks and citations omitted). Prima facie tort, as a cause of action, is "highly disfavored in New York." *Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 130 (W.D.N.Y. 2022) (internal quotation marks omitted).

In addition, "[a] critical element of the prima facie tort cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages." *Harisch v. Goldberg*, No. 14-CV-9503, 2016 WL 1181711, at *13 (S.D.N.Y. Mar. 25, 2016) (alteration omitted) (quoting *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985)). Special damages, "defined as a specific and measurable loss," must be alleged with "sufficient particularity to identify actual [losses] and be related causally to the alleged tortious acts." *Levantino v. Skala*, 56 F. Supp. 3d 191, 206 (E.D.N.Y. 2014) (alteration in original) (citation and internal quotation marks omitted); *see also Harisch*, 2016 WL 1181711, at *13 ("Under New York law, special damages must be pled with particularity." (citation omitted)).

Defendants argue, and the Court agrees, that Plaintiff has failed to state a claim for prima facie tort. Notably, as Defendants point out, Plaintiff's complaint fails to include an allegation of special damages. Indeed, Plaintiff fails to allege any specific damages at all, instead merely requesting compensation for "lost income" or "inconvenience" without providing any particular total. ECF No. 1-1 ¶ 34. Plaintiff's failure to "even attempt to quantify the value of [her] injuries" is fatal to her prima-facie-tort claim. *Watkins*, 592 F. Supp. 3d at 131; *see also Harisch*, 2016 WL 1181711, at *13 ("Although the Amended Complaint does contain the conclusory allegation that defendants' prima facie tort caused [plaintiff's] specific and quantifiable monetary loss, there is no attempt to state this loss generally, much less with the particularity New York law requires."); *Fordham v. Islip Union Free Sch. Dist.*, 662 F. Supp. 2d 261, 277 (E.D.N.Y. 2009) ("[S]pecial damages must be alleged with sufficient particularity to identify actual losses and round sums without any attempt at itemization are insufficient."). In light of this, the Court grants Defendants' motion to dismiss the prima facie tort claim.

### 3. NYSHRL Familial Status Discrimination

Plaintiff presents two claims of familial status discrimination under the NYSHRL: (1) that her firing was the result of her familial status; and (2) that Defendants created a hostile work environment. *See* ECF No. 1-1 ¶¶ 35-41. The Court will address each in turn.

"To establish a claim of discrimination under the NYSHRL, a plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference that the employer acted with discriminatory intent." *Gallardo v. IEH Corp.*, No. 21-CV-3257, 2022 WL 4646514, at *5 (E.D.N.Y. Oct. 1, 2022) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015)). "At the motion to dismiss stage, a plaintiff need not

allege facts that satisfy every element [of a prima facie case]," but must "plead facts plausibly alleging that the employer took an adverse action against her at least, in part, for a discriminatory reason." *Gallardo*, 2022 WL 4646514, at *5; *see also Arroyo-Horne v. City of New York*, No. 16-CV-3857, 2018 WL 4259866, at *14 (E.D.N.Y. Sept. 5, 2018) ("To survive a motion to dismiss [on] an employment discrimination claim, a plaintiff must allege 'facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015)).[6] However, a plaintiff "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Defendants do not dispute that Plaintiff belonged to a protected class, was qualified, and was subject to termination, but rather argues that Plaintiff fails to plausibly allege her termination had a discriminatory motive. ECF No. 6-1 at 17. The Court agrees. Plaintiff's complaint states only that by "actually and constructively discharging the Plaintiff, Defendants discriminated against the Plaintiff . . . on the basis of her familial status." ECF No. 1-1 ¶ 37. Plaintiff states that she was fired from her job, but provides no allegations to support her claim that her termination had a discriminatory basis, save for these conclusory statements. *See EEOC*, 768 F.3d at 254; *Adejare v. St. Charles Hosp. & Rehab. Ctr.*, No. 16-CV-805, 2017 WL 2559937, at *2 (E.D.N.Y. June 13, 2017) (holding that "conclusory allegations that plaintiff was discriminated against . . . are not sufficient to withstand a motion to dismiss"). Nor does Plaintiff allege discriminatory

---

[6] The Court's analysis relies in part on caselaw discussing discrimination and retaliation claims under Title VII. This is because the analysis of NYHRL discrimination and retaliation claims "parallels the analysis of Title VII claims," such that courts apply the same standards to both statutes. *Salter v. Cath. Health Sys.*, No. 15-CV-322, 2017 WL 3981097, at *4 (W.D.N.Y. Sept. 11, 2017); *see also Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) ("[H]ostile work environment claims under Title VII and the [NYHRL] are governed by the same standard."); *Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 609 (2d Cir. 2006) (retaliation claims are subject to the same standards under Title VII and New York state law).

motive indirectly by claiming that she was "similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Palmer v. Shchegol*, 406 F. Supp. 3d 224, 232 (E.D.N.Y. 2016).

The same can be said of Plaintiff's hostile-work-environment claim. A hostile-work-environment claim under the NYHRL requires the plaintiff show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Demoret v. Zegarelli,* 451 F.3d 140, 149 (2d Cir. 2006) (internal quotation marks omitted). "[T]he Supreme Court has held that a work environment's hostility should be assessed based on the totality of the circumstances," including: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employees work performance." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted).

Plaintiff's complaint does not specify what treatment precisely forms the basis of her hostile-work-environment claim, save for a conclusory statement that she was subject to "a hostile, intolerable workplace based on discrimination." ECF No. 1-1 ¶ 39. Mere legal conclusions of this nature do not serve to state a claim.[7] *See George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 454 (S.D.N.Y. 2016) (holding that "conclusory assertion[s]" are insufficient to plead a hostile-work-environment claim).

In light of the above, the motion to dismiss Plaintiff's NYHRL claims is GRANTED.

---

[7] As noted above, Plaintiff does allege that Defendants failed to provide her a safe place to pump milk while at work. ECF No. 1-1 ¶ 14. However, Plaintiff does not make any clear connection between this allegation and her hostile-work-environment claim in her complaint. The Court is not obliged to do so on her behalf. *See Zannino*, 895 F.2d at 17.

### 4. Retaliation

Under the NYHRL, it is unlawful to retaliate against employees. *See* N.Y. Exec. Law §§ 290 *et seq*. "To state a claim for relief, a plaintiff must allege that '(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action.'" *Harper v. New York City Hous. Auth.*, 673 F. Supp. 2d 174, 181 (S.D.N.Y. 2009) (quoting *Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 312–313 (2004)). To allege a "protected activity," a plaintiff need only "have had a good faith, reasonable belief that [s]he was opposing an employment practice made unlawful by [the NYSHRL]." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (internal quotation marks omitted).

Defendants argue, and the Court agrees, that Plaintiff has failed to state a claim for retaliation. Although Plaintiff's complaint describes her being terminated from her position, nowhere does she allege facts plausibly suggesting that this was due to her engaging in a protected activity. *See Gallardo*, 2022 WL 4646514, at *7 (dismissing NYHRL retaliation claim where Plaintiff included only a "conclusory allegation" of a causal connection between her complaint and the retaliatory act, but "allege[d] no facts supporting this conclusion"). Indeed, Plaintiff does not describe having taken part in any protected activities at all. Accordingly, the motion to dismiss her retaliation claim is GRANTED.

### 5. FMLA

The FMLA provides "protections to employees who need to take time away from work to deal with serious health conditions of the employee or her family," *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 165-66 (2d Cir. 2017), including "the right to take up to twelve

work weeks per year of unpaid leave," *Gen. v. Malcho's 650 Mosely Rd. LLC*, No. 17-CV-6346, 2018 WL 3349225, at *3 (W.D.N.Y. July 9, 2018). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the FMLA. 29 U.S.C. § 2615(a)(1). "Claims brought under § 2615(a)(1) are often separated into two categories: interference and retaliation." *Malcho's*, 2018 WL 3349225, at *3.

> To prevail on an interference claim,
>
> a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA.

*Coutard v. Mun. Credit Union*, 848 F.3d 102, 108-09 (2d Cir. 2017) (internal quotation marks omitted).

> To prevail on a retaliation claim,
>
> a plaintiff must adequately allege that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.

*Baker v. Goldberg Segalla LLP*, No. 16-CV-613, 2017 WL 1243040, at *4 (W.D.N.Y. Apr. 5, 2017) (internal quotation marks omitted).

To begin, Defendants state in a cursory manner that Plaintiff failed to allege she was an eligible employee. *See* ECF No. 6-1 at 15. As Plaintiff points out, this is untrue—the complaint clearly alleges that Plaintiff was eligible, albeit briefly. *See* ECF No. 1-1 ¶ 55. The Court agrees, however, with Defendants' other argument: that Plaintiff fails to state a claim for interference or retaliation under the FMLA.

With respect to interference, Plaintiff's complaint states only that Plaintiff "gave notice of her intention to take leave and was denied benefits to which she was entitled to under [the] FMLA,"

and that Defendants "fail[ed] to notify [] Plaintiff of her rights" and "hinder[ed] and imped[ed] [] Plaintiff's FMLA application." *Id*. ¶¶ 56, 59.  But Plaintiff does not elaborate on any of these bare assertions.  Plaintiff alleges that her doctor emailed Defendants an FMLA application, *id*. ¶ 12, but states nothing about how Defendants failed to notify her or otherwise hampered her application.  It is not clear from the face of the complaint how or even if Defendants interfered with her FMLA rights, even with the generous reading required by Rule 12(b)(6).  *See Santana v. Weill Cornell Med. Primary Care*, No. 17-CV-7420, 2018 WL 4636988, at *4 (S.D.N.Y. Sept. 27, 2018) (dismissing complaint where it was "unclear" what FMLA interference was alleged).

Plaintiff's FMLA retaliation claim is similarly unclear.  Plaintiff alleges that she emailed the FMLA application in October 2022, and that she was fired in March 2023—but that is the full extent of her allegations.  *See* ECF No. 1-1 ¶¶ 12, 16.  Plaintiff claims that her termination "occurred under circumstances giving rise to an inference of retaliatory intent," but fails to elaborate on what those circumstances entailed.  *Id*. ¶ 58.  Conclusory allegations of this kind are not enough to survive the present motion to dismiss.  *See Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 575 (S.D.N.Y. 2023) (granting motion to dismiss where plaintiff failed to allege "any direct evidence of retaliatory intent related to his FMLA leave" save for "brief, conclusory allegation[s]").[8]

---

[8] If Plaintiff wishes to assert that the temporal proximity of her application and her termination implies retaliation, it is not clear from the face of her complaint.  Regardless, it is unlikely that such an argument would succeed.  It is true that FMLA retaliation "can be shown . . . indirectly through evidence of temporal proximity." *Passante v. Cambium Learning Grp.*, No. 23-CV-4060, 2024 WL 4171026, at *14 (E.D.N.Y. Sept. 12, 2024).  However, to allege a "causal connection exists," the temporal proximity must be "very close." *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 152 (2d Cir. 2012) (quotation marks and citation omitted).  Here, the five-month gap between Plaintiff's application and her termination is unlikely to sustain Plaintiff's retaliation claim alone. *See Harrisman v. City of New York Dep't of Transportation*, No. 19-CV-2986, 2020 WL 5211043, at *5 (S.D.N.Y. Sept. 1, 2020) (holding that, in the FMLA context, a three-month gap is too great to give rise to an inference of retaliation); *Seitz v. New York State*, No. 18-CV-4149, 2019 WL 4805257, at *11 (E.D.N.Y. Sept. 30, 2019) ("There is no firm outer limit to the temporal proximity required, but most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference.")

Accordingly, Defendants' motion to dismiss Plaintiff's FMLA claims is GRANTED.

**6. Leave To Amend**

Plaintiff's opposition papers contain a brief request to amend the complaint if the motion to dismiss is granted. ECF No. 9 at 6. This request is procedurally defective under Local Rule of Civil Procedure 15(a), which provides that "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." Plaintiff has not provided any proposed amendments, which alone gives the Court grounds to deny her request. *See Popat v. Levy*, 253 F.Supp.3d 527, 546 (W.D.N.Y. 2017) (denying leave to amend where plaintiff failed to comply with the Local Rules by including a cursory request for leave to amend in his opposition papers); *Food Holdings Ltd. v. Bank of Am. Corp.*, 423 F. App'x 73, 76 (2d Cir. 2011) (summary order) (finding district court did not abuse its discretion in denying leave to amend when request was made "on the final page of their brief in opposition to defendants' motion to dismiss, in boilerplate language and without any explanation as to why leave to amend was warranted").

Regardless, "the decision to grant leave to amend is wholly within a district court's discretion," *Henneberry v. Sumitomo Corporation of America*, 532 F. Supp. 2d 523, 531 (S.D.N.Y. 2007), and courts are directed to freely give leave "when justice so requires," Fed. R. Civ. P. 15(a)(2). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (internal quotations omitted); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (noting that "this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)"). And although Plaintiff's procedural defect would permit the Court to deny leave to amend, the Court is not obliged to do so. *See Bones v. Cnty. of Monroe*, No. 23-CV-6201,

14

2023 WL 8809732, at *2 (W.D.N.Y. Dec. 20, 2023) (holding that the court would consider a request for leave to amend, despite it being "improperly presented" by plaintiff within her opposition to a motion to dismiss in violation of Local Rule 15(a)). Given this Court's usual practice of allowing leave to amend after granting a motion to dismiss, the Court will address the merits of Plaintiff's request.

Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). Here, Defendants argue that leave to amend should be denied on the basis of futility because Plaintiff already filed a similar complaint in another case. *See Duffy v. Waste Management Inc.*, 24-CV-6167, ECF No. 1-1. Plaintiff chose to abandon that action, however, after learning that she had sued the wrong party. *See id.*, ECF No. 11. The Court has laid out its grounds for dismissal above and determined that each of Plaintiff's claims would benefit from being repleaded with greater specificity. With this in mind, as well as Rule 15(a)(2)'s directive to "freely give leave when justice so requires," the Court GRANTS Plaintiff leave to file an amended complaint.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss (ECF No. 6) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's request for leave to amend is GRANTED. Plaintiff will file her amended complaint by February 17, 2025.

IT IS SO ORDERED.
Dated: January 16, 2025
     Rochester, New York

                                          _____
                                        HON. FRANK P. GERACI, JR.
                                        United States District Judge,
                                        Western District of New York